**Luz Elena LOPEZ–DE ROWLEY,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 01–4172–ag.

United States Court of Appeals,
Second Circuit.

Nov. 1, 2007.

Jose L. Delcastillo, Delcastillo & Associates, Hartford, CT, for Petitioner.

Carolyn A. Ikari, Assistant United States Attorney, District of Connecticut (Kevin J. O'Connor, United States Attorney for the District of Connecticut; William J. Nardini, Assistant United States Attorney, on the brief), Hartford, CT, for Respondent.

Present: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Luz Elena Lopez–De Rowley, a citizen of Colombia, seeks review of the September 28, 2001 order of the BIA, affirming the May 30, 2001 decision of Immigration Judge ("IJ") Michael Strauss ordering her removed on the grounds that her conviction for conspiracy to commit mail fraud was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(M)(i), and denying her applications for withholding of removal and waiver of inadmissibility. *In re Luz Elena Lopez–De Rowley*, No. A31 281 809 (B.I.A. Sept. 28, 2001), *aff'g* No. A31 281 809

(Immig. Ct. Hartford, May 30, 2001). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ Lopez–De Rowley claims error in the IJ and BIA's conclusion that her conviction qualifies as an aggravated felony, because monetary loss is not an element of mail fraud as defined by 18 U.S.C. § 1341.[1] In *Dulal–Whiteway v. U.S. Dep't of Homeland Sec.*, 501 F.3d 116, 126–28 (2d Cir. 2007), we noted that a serious question exists with respect to the divisibility of statutes involving fraud. We need not resolve that issue now because our holding in *Dulal–Whiteway* made clear that to the extent a fraud statute is divisible, "the BIA may rely only upon facts to which a defendant actually and necessarily pleaded in order to establish the elements of the offense, as indicated by a charging document, written plea agreement, or plea colloquy transcript." *Id.* at 131. Here, the indictment charged three different alleged frauds on Blue Cross and Blue Shield of Rhode Island, one of which involved a loss of less than $10,000. Without the plea allocution, the BIA could not determine the specific amount of loss, if any, to which Lopez–De Rowley actually pleaded, and therefore the agency improperly qualified her conspiracy conviction as an aggravated felony.

■ We reject, however, Lopez–De Rowley's contention that the IJ and BIA improperly denied her application for withholding of removal. Although the BIA did not analyze Lopez–De Rowley's social group claim in light of the recently enumerated factors in *In re A–M–E & J–G–*

*U–*, 24 I. & N. Dec. 69, 73 (B.I.A. Jan. 31, 2007), the BIA affirmed the IJ's decision for all of the reasons he stated. The IJ's reasons included an alternative grounds that, even if Lopez–De Rowley were a member of a cognizable "particular social group," she did not carry her burden in showing that her "life or freedom would be threatened in [a] country on account of" her status as an "Americanized" Colombian. 8 U.S.C. § 1231(b)(3)(B); *see Diallo v. INS*, 232 F.3d 279, 284–85 (2d Cir.2000) (stating that petitioner must establish this burden by a "clear probability"). Because substantial evidence supports this conclusion, we affirm the agency's denial of withholding.

Finally, because Lopez–De Rowley did not challenge the IJ's denial of relief under the Convention Against Torture before the BIA, any such argument is not exhausted and we lack jurisdiction to consider it on appeal. 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119 (2d Cir.2007) (explaining this Court has consistently applied an issue exhaustion requirement to petitions for review from the BIA).

We have considered petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, we GRANT the petition in part and DENY it in part; the decision of the BIA is VACATED in part and AFFIRMED in part; and the case is REMANDED for further proceedings consistent with this order.

---

1. Lopez–De Rowley also argues that she did not commit a deportable offense because the United States or its agencies did not suffer any loss. As the government correctly observes, this contention does not speak to whether the conviction may serve as a basis for removal, but rather whether her conduct actually violated 18 U.S.C. § 371. We therefore lack jurisdiction to consider this claim. *See Rodriguez v. Gonzales*, 451 F.3d 60, 65 (2d Cir.2006) (per curiam).